This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

# IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO

**STATE OF NEW MEXICO,**

Plaintiff-Appellee,

v.                                                          **No. A-1-CA-35620**

**RANDY DUNN,**

Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Neil Candelaria, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Bennett J. Baur, Chief Public Defender
C. David Henderson, Appellate Defender
MJ Edge, Assistant Appellate Defender
Santa Fe, NM

for Appellant

**MEMORANDUM OPINION**

**ZAMORA, Judge.**

{1} Defendant Randy Dunn was convicted of criminal sexual penetration of a minor (CSPM). We previously issued a notice of proposed summary disposition in which we proposed to affirm. Defendant has filed a combined motion to amend the docketing statement and memorandum in opposition, which we have duly considered. Because we remain unpersuaded, we affirm.

{2} In his docketing statement Defendant raised a single issue, challenging the sufficiency of the evidence to support his conviction, in light of the absence of evidence that he penetrated the victim digitally or physically forced the victim to digitally penetrate herself. [DS 1-2, 3-5] As we observed in the notice of proposed summary disposition, the elements of the offense do not require such proof. *See* UJI 14-957 comm. cmt. (Indicating that the relevant elements instruction requires no force or coercion). The offense merely requires causation, which in this case was established by the victim's testimony that Defendant "told, asked[,] or ordered her to place her own finger in her vagina or vulva." [MIO 3] In his memorandum in opposition Defendant effectively concedes that the evidence was sufficient to establish causation, as statutorily required. [MIO 5, 8-9] We therefore adhere to our initial assessment of this matter, and reject Defendant's challenge to the sufficiency of the evidence.

{3} We turn next to the motion to amend. Such a motion will only be granted upon a showing of viablility. *See State v. Ibarra*, 1993-NMCA-090, ¶ 13, 116 N.M. 486, 864 P.2d 302 (observing that a motion to amend will be denied if the issue is not viable). By his motion to amend, Defendant seeks to advance a claim of ineffective assistance of counsel. [MIO 5-9] For the reasons that follow, we conclude that this issue is not viable. We therefore deny the motion.

{4} In order to establish any entitlement to relief based on ineffective assistance of counsel, Defendant must make a prima facie showing by demonstrating that: (1) counsel's performance fell below that of a reasonably competent attorney; (2) no plausible, rational strategy or tactic explains counsel's conduct; and (3) counsel's apparent failings were prejudicial to the defense. *See State v. Herrera*, 2001-NMCA-073, ¶ 36, 131 N.M. 22, 33 P.3d 22 (setting out the factors for a prima facie case of ineffective assistance).

{5} Defendant bases his claim on trial counsel's advancement of the meritless causation argument previously discussed. [MIO 5] More specifically, Defendant contends that trial counsel's reliance upon an inapplicable and obsolete jury instruction, together with counsel's failure to recognize that the current relevant authority on causation did not support his argument, should be said to satisfy the first two prongs of the standard. [MIO 7-9] For the present purposes, we will assume that

this is so. However, Defendant fails to make any showing with respect to the third prong. Nothing in the record before us suggests that trial counsel's advancement of the meritless causation argument actually effected the outcome. *See State v. Jensen*, 2005-NMCA-113, ¶ 18, 138 N.M. 254, 118 P.3d 762 ("The type of prejudice required to establish a prima facie case of ineffective assistance of counsel is that there exists a reasonable probability that without counsel's errors, the result of the trial would have been different such that confidence in the outcome of the trial is undermined."). {6}

In light of the foregoing, we conclude that Defendant has failed to make a prima facie showing of ineffective assistance of counsel. We therefore deny his motion to amend. To the extent that Defendant may wish to pursue the matter further, we suggest that habeas proceedings would be the appropriate avenue. *See generally State v. Baca*, 1997-NMSC-059, ¶ 25, 124 N.M. 333, 950 P.2d 77 ("A record on appeal that provides a basis for remanding to the trial court for an evidentiary hearing on ineffective assistance of counsel is rare. Ordinarily, such claims are heard on petition for writ of habeas corpus[.]"); *State v. Martinez*, 1996-NMCA-109, ¶ 25, 122 N.M. 476, 927 P.2d 31 ("This Court has expressed its preference for habeas corpus proceedings over remand when the record on appeal does not establish a prima facie case of ineffective assistance of counsel.").

{7}    For the reasons stated above and in the notice of proposed summary disposition, we affirm.

{8}    **IT IS SO ORDERED.**

                                                _____

**M. MONICA ZAMORA, Judge**

**WE CONCUR:**

_____

**JONATHAN B. SUTIN, Judge**

_____

**STEPHEN G. FRENCH , Judge**